# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI LYNN STEVENSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 1:17-cv-00532-BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## INTRODUCTION

Plaintiff Kelli Lynn Stevenson ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1] Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge for all proceedings in this case, including entry of final judgment. (Docs. 7, 8).

1

evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

## **FACTS AND PRIOR PROCEEDINGS**

On August 13, 2013, Plaintiff filed her current application for SSI alleging disability beginning on March 14, 2013. AR 262-267.[2] Plaintiff's application was denied initially and on reconsideration. AR 144-148, 154-159. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 160-162. ALJ Robert Milton Erickson conducted an oral hearing on January 22, 2015, and a supplemental hearing on April 29, 2015. AR 33-56. The ALJ issued an order denying benefits on August 17, 2015. AR 11-32. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision on February 15, 2017. AR 7-10, 1-6. This appeal followed.

**Hearing Testimony**

The ALJ presided over the administrative hearing in San Francisco, California and a subsequent supplemental hearing in Bakersfield, California. AR 33. At both hearings, Plaintiff appeared and testified with attorney Sylvia Lopez. AR 35, 57. Impartial Vocational Expert, Gloria Lasoff, and Medical Expert, Ollie Raulston, also appeared and testified. AR 35, 57.

At the time of the hearing, Plaintiff was 52-years-old and living with her stepfather in Bakersfield, California. AR 99. Plaintiff has a 31-year-old daughter and two grandchildren, who she testified she is "not allowed to see." AR 79. Plaintiff completed the 12th grade, but she did not graduate and did not receive a GED. She alleges disability due to impairments related to a fracture in her right wrist, depression, and anxiety. In March of 2013, she also fell off a horse and injured her neck. AR 39-40.

When asked about her work history, Plaintiff testified that in 2011 she worked as a kennel attendant taking care of dogs and cats for six months. AR 53. Plaintiff also did other jobs including waitressing, but they did not amount to substantial gainful activity. AR 54.

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

When asked about her physical impairments, Plaintiff testified that she experiences back pain when she sits or walks for a long period of time. She can only walk for about a block before needing to sit down and she can only sit for 15 to 20 minutes at a time before needing to stand. AR 67- 68. She also has difficulty lowering herself and getting back up. AR 97. Plaintiff also has wrist pain caused by an automobile accident. AR 536. Plaintiff testified that the pain in her right wrist makes it difficult for her to do chores because she cannot use her dominant hand. AR 65, 77. She also suffers from carpal tunnel syndrome, canal stensosis in her neck, and pain from her mid-forearm to her elbow. AR 97. Lastly, Plaintiff is missing the tip of her middle finger on her left hand, which was amputated in an accident. AR 96-97.

On a daily basis, Plaintiff stated that she does chores such as cooking, washing dishes, and laundry. She takes care of her dog, uses the computer daily for 20 minutes, and talks with other people without difficulty. AR 68, 71. However, because of the impairments with her right hand, she has trouble dressing and performing every day functions. On a monthly basis, she attends church services, but she cannot sit for the entire service. About halfway through church, Plaintiff gets up so that she can walk around. Plaintiff testified that she could go to church everyday, however she does not because she does not have a car. AR 95. With respect to her mental health, Plaintiff testified that she suffers from depression and anxiety. AR 94-95. Plaintiff's depression intensifies around the 15th of the month when she mourns the death of her mother which occurred on June 15, 2010. AR 95. When asked about treatment for her impairments, Plaintiff testified that she uses marijuana every night before she goes to bed. AR 77-78. Plaintiff also takes medications for her depression and anxiety, including Klonopin and Paxil. AR 20, 95.

Thereafter, the ALJ elicited testimony of medical expert Ollie Raulston. Dr. Raulston testified that Plaintiff (1) had a fracture of her distal right radius for which she underwent surgery; (2) a traumatic experience where the tip of her finger was amputated; (3) multi-level cervical degenerative disc disease with mild stenosis throughout her cervical spine; (4) mild diffuse lumbar spondylosis; (5) a wedge deformity, and (6) right carpal tunnel syndrome. AR 40-41. Despite these ailments, Dr. Raulston testified that Plaintiff's symptoms would not equal a listing and she would not have any limitations in

3

standing, walking, or sitting. AR 42. He suggested limiting Plaintiff to frequent handling and fingering of her right upper extremity. AR 43.

Following Plaintiff's testimony, the ALJ elicited testimony from the vocational expert ("VE") Gloria Lasoff who, based on the limitations adopted by the ALJ, testified Plaintiff could perform work as a cleaner, housekeeper, cashier, or hand packer. AR 100-101.

### **Medical Record**

The entire medical record was reviewed by the Court. AR 428-804. The relevant medical evidence is referenced below as necessary to this Court's decision.

### **The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled. AR 27. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 24, 2013, the alleged onset date. AR 16. At step two, the ALJ identified a status post fracture of the right wrist with residual arthritis, status post amputation of the tip of the left long finger, carpal tunnel syndrome, affective disorder, anxiety disorder, and polysubstance abuse as severe impairments. AR 16. At step three, the ALJ determined that the severity of Plaintiff's impairments did not meet or medically equal the severity of any of the listed impairments. AR 18.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the demands of light work with no restrictions on standing, walking, or sitting. AR 19. However, Plaintiff would be restricted from climbing ladders, ropes and scaffolding, and limited to occasional climbing, crawling, and crouching. Furthermore, she can perform simple repetitive tasks and may not be exposed to hazardous work environments. AR 19.

At step four, the ALJ determined that Plaintiff did not have any past relevant work. AR 26. At step five, the ALJ found that with Plaintiff's age, education, work experience, and residual functional capacity that she is capable of performing other work as a cleaner, housekeeper, cashier, or hand packer, which do not require the performance of work-related activities precluded by the Plaintiff's residual functional capacity. AR 26. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 27.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION

In her sole issue, Plaintiff argues that the ALJ failed to provide clear and convincing reasons for finding her subjective symptom testimony lacked credibility. (Doc. 18 at 4-12).

In deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004), First, the claimant must produce objective medical evidence of his or her impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id.* If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his or her symptoms only if the ALJ makes specific findings and provides clear and convincing reasons for doing so. *Id.* The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F.Supp.2d 1078, 1086 (N.D. Cal. 2001) ("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence."). If there is objective medical evidence of impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. *See id*. at 345–47. Other factors an ALJ may consider include: (1) the claimant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

At the first step of the analysis, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 20. At the second step, however, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible.

In finding that Plaintiff's subjective complaints were less than fully credible; the ALJ provided at least three clear and convincing reasons as follows. First, the ALJ discounted Plaintiff's credibility because she failed to comply with the instructions and recommendations given to her by her treating doctors. When assessing a claimant's credibility, an ALJ may consider an unexplained or inadequately explained failure to follow a prescribed course of treatment. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). If a claimant complains of disabling pain but fails to seek or follow prescribed treatment, "an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated." *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007); *see Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Here, the ALJ noted that:

> The claimant cancelled or failed to show up for physical therapy appointments on a number of occasions. When she did attend physical therapy improvement in her right hand was noted. The record reveals that the claimant failed to follow-up on recommendations made by the treating doctor, which suggests that the symptoms may not have been as serious as has been alleged in connection with this application and appeal. She left against medical advice when getting emergency treatment for her right wrist fracture, the result of such being a worsening of her condition. Moreover, the claimant was discharged from physical therapy for non-compliance and admitted to not performing at-home exercises.

AR 20. Despite Plaintiff's complaints of pain, there were only limited amounts of evidence demonstrating that Plaintiff complied with the advice and treatments meant to improve her impairments. AR 21. Plaintiff missed seven out of thirteen physical therapy appointments and, as a result, was discharged. AR 22. While receiving treatment for her wrist injury, Plaintiff left the hospital against medical advice. It was later noted that the severity of her fracture had worsened due to her failure to seek appropriate care. AR 21. Furthermore, she was instructed to follow up as needed, but when her pain returned and she was having trouble performing daily activities, she did not attend her recommended physical therapy sessions. AR 21. When she was attending physical therapy, Plaintiff did not perform her at-home exercises which would aid in her recovery. Doctors noted that her failure to perform prescribed treatment caused her wrist to stiffen and limited her range of motion. AR 21. In light of this evidence, the ALJ appropriately found that the failure to seek treatment during this time period undermined Plaintiff's allegations that these conditions disabled her. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ is permitted to consider lack of treatment in his credibility determination"). The ALJ properly considered that Plaintiff's failure to comply with treatment undermined her credibility. This was a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's credibility.

Second, the ALJ indicated that, in many instances conservative treatment measures improved Plaintiff's symptoms. *See, e.g.*, AR 21 (Plaintiff reported she had recovered almost all of her motion and was able to return to all her activities without issue); AR 22 (the medical record was silent after November 2014); AR 24 (Plaintiff's testimony that her medications discouraged her suicidal ideation and improved her mental state); AR 25 (Plaintiff reports her depression and anxiety were improving). Evidence that a plaintiff responded positively to conservative treatment can undermine her claim of

7

disabling pain. *See Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling[.]").

Third, the ALJ noted that the objective medical evidence in the record did not support Plaintiff's subjectively disabling physical symptoms. AR 21. Although a lack of medical evidence cannot form the sole basis for discounting symptom testimony, "it is a factor that the ALJ can consider in [his] credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also Morgan v. Comm'r*, 169 F.3d 595, 599-600 (9th Cir. 1999) (ALJ may consider inconsistencies between medical evidence and claimant's testimony of disabling restrictions). Specifically, the ALJ noted that after Plaintiff's wrist surgery the treating doctor never recommend any restrictions other than taking her off work for 12 weeks while she recovered from surgery. AR 21, 651. After surgery, examinations showed full extension of all digits and the ability to make a full fist. AR 21. Furthermore, Plaintiff reported that she had recovered almost all of her motion and was able to return to all of her activities without complaints. AR 21.

Despite this endorsement, Plaintiff complained of substantial pain that prevented her from performing activities of daily living just a month later. AR 21. While she also mentioned she felt numbness in her fourth and fifth fingers, examinations revealed a symmetrical range of motion and minimal pain. AR 22. Furthermore, after she went to the emergency room for her wrist pain, the doctor determined she had normal range of motion with only a slight decrease in grip strength, she was discharged home with pain medication and there was no further indication in the record that she complained of wrist pain while seeking other treatment in 2014. AR 22. While Plaintiff did report some pain there was very little objective findings to support Plaintiff's allegations of ongoing disabling pain. Accordingly, there is substantial evidence in the record for the ALJ's conclusion that the objective medical evidence does not support Plaintiff's symptom testimony.

Lastly, the ALJ found that Plaintiff's daily activities—including light housekeeping, cooking, cleaning, doing dishes, using the computer daily, shopping by taking breaks or with assistance, and attending church monthly—were inconsistent with Plaintiff's allegations of complete disability. AR 20. If an ALJ discredits a plaintiff's subjective complaints due to daily activities, the ALJ must show that the daily activities the claimant partakes in demonstrates she is "...able to spend a substantial part of

[her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Fair,* 885 F.2d at 603. However, the "mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1049–50 (9th Cir. 2001) (the plaintiff's activities of shopping with assistance, walking for approximately one hour, getting together with friends, playing cards, swimming, watching television and reading did not consume a substantial part of her day, nor did the activities indicate physical functions transferable to a workplace).

Here, Plaintiff's activities of daily living, as advanced by the ALJ, do not necessarily constitute a clear and convincing reason to reject Plaintiff's subjective symptom testimony. The ALJ failed to relate Plaintiff's daily activities to her claimed limitations or their transferability to the workplace. Such cursory analysis is insufficient to constitute a clear and convincing reason. *See Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007). However, because the ALJ provided other clear and convincing reasons to discount Plaintiff's subjective symptom testimony, the ALJ's error was harmless. *See Carmickle v. Comm'r Soc. Sec. Admin.,* 533 F.3d 1155, 1162–63 (9th Cir.2008) (ALJ's error concerning two invalid reasons given in support of an adverse credibility finding deemed harmless when remaining valid reasons sustain the ultimate credibility determination).

Given the above, the ALJ provided clear and convincing reasons supported by substantial evidence when concluding Plaintiff's subjective symptom testimony was not credible. The ALJ clearly identified what testimony he found lacked credibility and the corresponding evidence that undermined Plaintiff's complaints. *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995). If the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas,* 278 F.3d at 959. Further, even if some of the reasons provided could be found inadequate, there are sufficient reasons provided to support the credibility determination. *See Batson*, 359 F.3d at 1197 (9th Cir. 2004). Accordingly, the ALJ's credibility findings are free of reversible error.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court

9

**DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Kelli Lynn Stevenson.

IT IS SO ORDERED.

Dated: **August 14, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE